NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7059

SANDRA K. HUPP,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Sandra W. Wischow, Goodman, Allen & Filetti, of Richmond, Virginia, argued for claimant-appellant.

Martin F. Hockey, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee.  With him on the brief was Jeanne E. Davidson, Director.   Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Martin J. Sendek, Staff Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7059

SANDRA K. HUPP,

Claimant-Appellant,

v.

ERIC K. SHINSEKI,
Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 03-1668, Chief Judge William P. Greene, Jr.

_____

DECIDED:    May 19, 2009

_____

Before LOURIE, DYK, and PROST, Circuit Judges.

DYK, Circuit Judge.

Sandra K. Hupp appeals a decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming-in-part and reversing-in-part a decision by the Board of Veterans' Appeals ("Board"). The Veterans Court reversed and remanded Mrs. Hupp's Dependency and Indemnity Compensation ("DIC") claim, finding that the Board had failed to provide an adequate statement of the reasons and bases for its decision to discount favorable medical evidence concerning the issue of service connection. Hupp v. Nicholson, 21 Vet. App. 342, 356 (2007). However, the Veterans Court affirmed the

denial of her accrued benefits claim.  Id. at 356–57.  Because there is no legal basis to distinguish the two claims on the issue of service connection, we reverse and remand.

BACKGROUND

The facts pertinent to this appeal are not in dispute.  The veteran, Billy Hupp, served on active duty in the U.S. Army from November 1965 to October 1966 and from June 1969 to November 1971.  In January 1993, Mr. Hupp was diagnosed with chronic myelogenous leukemia ("CML").  Mr. Hupp filed an application for VA disability benefits for CML, claiming that the CML was service connected, resulting from exposure to dioxin in Agent Orange while he was on duty.  In August 1993, the regional office ("RO") awarded a non-service-connected pension, but denied service connection for CML.  In August 1994, the RO issued a second decision denying service connection for CML. Mr. Hupp filed a Notice of Disagreement.

In May 1995, Mr. Hupp submitted an opinion from a VA physician which stated that the physician believed that "because of the quantity, consistency[,] and duration of exposure to [A]gent [O]range . . . there is relations [sic] between the exposure and [Mr. Hupp's] diagnosis of [CML]".  Hupp, 21 Vet. App. at 346 (alterations in original).  The RO sent a Supplemental Statement of the Case to Mr. Hupp in July 1995 continuing to reject this claim.  On appeal in September 1996, the Board determined that service connection was not warranted for CML.  The Board concluded that "the absence of objective medical evidence demonstrating a causal connection between [Mr. Hupp's CML] and his exposure to chemicals far outweighs speculations made by [Mr. Hupp] and the VA physician."  Id. (second alteration in original).  Mr. Hupp appealed, and the Veterans Court granted a joint motion for remand to the Board in order to allow the

Board to provide reasons and bases for its decision. The Board then remanded to the RO for it to collect further evidence and conduct a hearing. Mr. Hupp died in April 1999, due to his CML, before the RO decided the matter. In June 1999, Mrs. Hupp, the veteran's spouse, filed claims for accrued benefits and DIC benefits. In November 1999, the RO denied these claims. Mrs. Hupp appealed.

In March 2003, the Board remanded to the RO for further development and readjudication in light of the Veterans Claims Assistance Act of 2000. In May 2003, the RO denied the claims. Mrs. Hupp appealed to the Board.

In July 2003, the Board upheld the RO's denial of Mrs. Hupp's claims. Mrs. Hupp appealed to the Veterans Court. On July 18, 2007, the Veterans Court vacated and remanded the DIC claim to the Board on the issue of service connection because the Board had failed to provide an adequate statement of the reasons and bases for its decision to discount the 1995 favorable medical nexus opinion, stating:

> Although the Board is free to choose one medical opinion over another, the Board must provide an adequate statement of reasons or bases for that decision. Mrs. Hupp argues persuasively that, if the Board is going to find Dr. McCall's July 2000 opinion more probative, then the Board is required to provide an adequate statement of reasons or bases to discount the May 1995 favorable medical nexus opinion. That statement must clearly explain why "a fair preponderance of the evidence is against the claim for service connection," when no evidence has been cited specifically disproving the claimed nexus. Without such discussion, Mrs. Hupp cannot understand the precise basis for the Board's decision nor can we effectively review the Board's decision. Accordingly, the Board's decision denying service connection for the cause of Mr. Hupp's death will be vacated and the matter remanded for readjudication.

Hupp, 21 Vet. App. At 356 (citations omitted). Nevertheless, the Veterans Court affirmed the denial of the accrued benefits claim without discussing the service

connection issue.[1]  Mrs. Hupp timely appealed the denial of accrued benefits.  The decision as to the accrued benefits claim is final for the purposes of our review.  See Elkins v. Gober, 229 F.3d 1369, 1373–74 (Fed. Cir. 2000).

## DISCUSSION

We have authority to review a decision by the Veterans Court regarding "the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision."  38 U.S.C. § 7292(c).  We review the interpretation of legal determinations without deference.  Rodriguez v. Peake, 511 F.3d 1147, 1152 (Fed. Cir. 2008).

Mrs. Hupp argues on appeal that the Veterans Court made a legal error when it failed to remand the accrued benefits claim to the Board, as it did with the DIC claim, for failure to provide an adequate statement of the reasons and bases for its discounting the favorable 1995 medical nexus opinion.

The parties agree that they are unable to determine any factual or legal basis that would distinguish the two claims.  At oral argument, both parties also agreed that some type of remand is appropriate, though they disagreed as to whether we should vacate or reverse.  We agree that the failure of the Board to provide reasons and bases for discounting the 1995 medical opinion affects the accrued benefits claim in exactly the same way it affects the DIC claim.  We reverse and remand to the Veterans Court

---

[1]  As to this accrued benefits claim, the Board did address the contention that the VA's notice to Mrs. Hupp was defective.  The Board found this contention to be inadequately briefed and declined to address the issue.  Mrs. Hupp does not pursue the notice issue on appeal to this court.

with instructions to remand to the Board on this issue, so that the DIC and accrued benefits claims can be considered together.

No costs.